JUDGE RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



-----------------------------------------------------------x
LIAONING CHENG DA JOYLAND CO., )
LTD., f/k/a, LIAONING CHENGDA )
ENTERPRISES, CO. LTD., )
                Plaintiff, )
     v. )
  )
ALSTON TAYLOR USA, INC., CHINARED )
USA, AND ALSTON TAYLOR USA INC. )
D/B/A CHINARED USA, )
  )
                Defendants. )
-----------------------------------------------------------x

Index No.

**COMPLAINT**

RECEIVED
MAY 19 2008
U.S.D.C. S.D. N.Y.
CASHIERS

1.  Plaintiff Liaoning Cheng Da Joyland Co., Ltd, formally known as Liaoning Chengda Enterprises Co., Ltd. ("Plaintiff"), for its complaint against defendant Alston Taylor USA, Inc., ChinaRed USA, and Alston Taylor USA, Inc. d/b/a ChinaRed USA (hereinafter "Defendant"), alleges as follows, upon information and belief:

## THE PARTIES AND JURISDICTION

2.  Plaintiff is a corporation organized under the laws of the People's Republic of China, which maintains an office at the 11th Floor, Liangshi Building No. 36, Shiyi Wei Road, Heping District, Shenyang, China 110003.

3.  Defendant Alston Taylor USA, Inc. is a corporation organized under the laws of the State of New York, which maintains its principal place of business at 450 7th Avenue, Suite 988, New York, NY 10123 and is doing business as ChinaRed USA.

4.  The transactions out of which these claims arose, which involved the sale of sweaters, took place primarily in New York, and the Defendant does business in New York, New York; the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is

between a foreign company and a company organized under the laws of, and doing business in, New York. This court, therefore, has jurisdiction over the parties and these claims, pursuant to 28 U.S.C. §1332 (a), and this court is the proper venue to adjudicate this case, pursuant to 28 U.S.C. §1391-1412.

## FACTS

5. Plaintiff and Defendant began to work together to import and export sweaters in or about 2001.

6. On or about May 11, 2003, Plaintiff and Defendant executed a Sales Contract, No. CDSY2003-1028T, pursuant to which Defendant placed an order for sweaters at a price of $40.20 per dozen (the "merchandise"), for a total contract price of $420,023. This is confirmed in the Sales Confirmation dated May 11, 2003, a copy of which is annexed hereto as Exhibit 1; and copies of the Commercial Invoices dated July 11, 2003 for Sales Confirmation Nos. CDSY2003-1028T-1 and CDSY2003-1028T-2, copies of which are annexed hereto as Exhibit 2.

7. The merchandise was shipped to New York on or about July 10, 2003. Plaintiff performed the contract according its terms. See Sales Confirmation, Commercial Invoices dated July 11, 2003 for Sales Confirmation Nos. CDSY2003-1028T-1 and CDSY2003-1028T-2, and Bill of Lading dated July 23, 2003, copies of which is annexed hereto as Exhibit 3.

8. Except for three payments in the total amount of $95,478.36, Defendant failed and refused to make any further payments. Defendant still owes $324,751.72, plus interest, to Plaintiff even though Defendant received, accepted and resold the merchandise.

9. In or about September 2003, provided that Defendant would make payment of the reduced amount in full within a reasonable period of time, Plaintiff agreed to accept a lesser amount. However, as of August 7, 2006, Defendant had made no payment towards the

outstanding amount owed Plaintiff. See copy of Letter dated August 7, 2006 from Peiwen Chang, Esq. to Defendant, a copy of which is annexed hereto as Exhibit 4.

10. Although Defendant received all the goods it ordered from Plaintiff, Defendant has refused, despite due demand, to pay the balance of what is owed to Plaintiff.

11. Upon information and belief, at all relevant times, Defendant has lacked financial resources to make payment to Plaintiff in full, without the assistance of third party companies.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

12. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 – 10.

13. Plaintiff delivered the goods to Defendant as ordered and performed its obligations under the contract.

14. Defendant accepted the goods.

15. Despite due demand, Defendant has refused to pay in full for the merchandise, and there is currently due and owing $324,751.72, plus interest.

16. Upon information and belief, as a result of the breaching conduct of Defendant, Plaintiff has further suffered consequential damages including, but not limited to, lost profits in an amount to be proved at trial, as well as the cost of this suit.

### SECOND CAUSE OF ACTION
### ACCOUNT STATED

17. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 – 16.

18. Starting from 2001 or 2002, Plaintiff and Defendant have had prior transactions that establish a creditor-debtor relationship.

19. From 2004 to 2007, Plaintiff sent out a series of invoices to Defendant for the amount due.

20. Defendant did not object to any of the invoices.

21. By not objecting to the invoices, and by paying a portion of the debt to Plaintiff, Defendant has established an implied agreement with Plaintiff as to the amount due.

22. Plaintiff is due the remaining balance on the purchase price, namely $324,751.72, plus interest.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount to be determined at trial, but not less than $324,751.72, together with interest, costs, lost profits and attorneys' fees, and such other and further relief as this Court deems just and proper.

Dated: New York, NY
       May 19, 2008

DeHeng Chen Chan, LLC

By: _____
Matthew C. Gruskin, Esq. (8749)
Attorneys for Plaintiff
225 Broadway, Suite 1910
New York, NY 10007
Tel: (212) 608-6500
Fax: (212) 608-9050
mgruskin@dcclaw.com