**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
LIAONING CHENG DA JOYLAND CO.,           )
LTD., f/k/a, LIAONING CHENGDA            )    Case No. 08-cv-4604 (Rakoff)
ENTERPRISES, CO. LTD.,                   )
                         Plaintiff,      )
               v.                        )
                                         )
ALSTON TAYLOR USA, INC., CHINARED        )
USA, AND ALSTON TAYLOR USA INC.          )
D/B/A CHINARED USA,                      )
                                         )
                         Defendants.     )
-----------------------------------------------------------x
```

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Liaoning Cheng Da Joyland Co., Ltd, formerly known as Liaoning Chengda Enterprises Co., Ltd. ("Plaintiff"), by its attorneys DeHeng Chen Chan, LLC, hereby requests Defendant produce the following documents for inspection and copying at DeHeng Chen Chan, LLC, 225 Broadway, Suite 1910, New York, NY 10007, at 10:00 am on August 22, 2008:

INSTRUCTIONS

1. Any documents withheld in responding to these requests on the ground of privilege are to be identified by author(s), recipient(s), persons to whom copies were furnished, together with the job titles of all such persons, date, subject matter and nature of privilege claimed.

## DEFINITIONS

The following definitions and instructions apply to the Request for Documents. Local Civil Rule 26.3 of the Southern District of New York is also hereby incorporated:

1. "And" and "or" shall be read in the disjunctive, conjunctive, or both, as the case may be, consistent with an interpretation that results in the more extensive interrogatory response.

2. "Any" means any and all.

3. "Concerning" or "concern" means relating to, referring to, describing, evidencing or constituting the referenced matter.

4. "Describe" means to set forth all facts explaining, concerning, causing or contributing to (whether positively or negatively) the information sought in the Interrogatory.

5. "Each" means "each and every."

6. "Including" or "includes" means including without limitation.

7. "Identify," when used in reference to:

    a) an individual, means to state his or her name, present or last known home and business address(es) and telephone number(s), and present or last known business affiliation including title and position;

    b) a firm, organization, partnership, corporation or other business entity, means to state the correct name of the organization, type of organization (e.g., corporation, partnership, firm or other entity), and present or last known address and telephone number;

    c) an "oral communication," means to set forth the substance of the communication, the name and title of the person(s) making the communication, name and title of all parties to the communication, and date and place of the communication;

    d) a fact, means to set forth all facts explaining, concerning, causing or contributing to (whether positively or negatively) the information sought in the Interrogatory.

8. "Person" or "Persons" includes any natural person, firm, association, organization, partnership, business, trust, corporation or public entity.

9. The term "you" or "your" shall mean Defendant Alston Taylor USA, Inc. ("Alston"), ChinaRed USA ("ChinaRed") or Alston Taylor USA, Inc. d/b/a ChinaRed, its divisions, agents, attorneys, experts and representatives and all predecessors, successors, parents, subsidiaries, affiliates, assigns, agents, attorneys, experts, or its current or former directors, officers, employees, representatives and shareholder.

10. The term "Defendant" or "Defendants" shall mean Defendant Alston, ChinaRed, or Alston d/b/a ChinaRed and its divisions, agents, attorneys, experts, and representatives, and, if applicable, all predecessors, successors, parents, subsidiaries, affiliates, assigns, agents, attorneys, experts, or current or former directors, officers, employees, representatives and shareholders.

11. "Document" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, any writing, notes, photograph, chart, graph, video tape, audio tape, computer disk, or electronically stored

data (including electronic mail) which is in your actual or constructive possession, custody or control, and includes, without limitation, all originals, copies, drafts (sent or unsent), or other nonconforming copies of every kind. "Document" also means all information of all kinds maintained by electronic data processing systems including all non-identical copies of such information, and includes, but is not limited to, computer programs (whether private, commercial or work-in-progress), programming notes or instructions, and input and/or output used or produced by any software program or utility (including electronic mall messages and all information referencing or relating to such messages anywhere on the computer system, word processing documents, and all information stored in connection with such documents, electronic spreadsheets, databases including all records and fields and structural information, charts, graphs, and outlines, arrays of information and all other information used or produced by any software), operating systems, source code of all types, programming languages, linkers and compilers, peripheral divers, TIFF files, batch files, any and all ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment. "Document" also includes any and all information stored on computer memories, hard disks, floppy disks, CD-ROM drives, Bernoulli Box drives and their equivalent, magnetic tape of all types, microfiches, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM. RAM, and ROM, or on or in any other vehicle for

digital data storage and/or transmittal. The term "Document" also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with the information described above.

12. The singular form of a noun or pronoun shall include within its meaning the plural form, and vice versa; the use of the masculine form of a pronoun includes within its meaning the feminine form, and vice versa; the use of any tense or any verb shall include within its meaning all other tenses; the use of "and" shall include "or," and vice versa; the use of "all" shall include "any" and "each," and vice versa.

## DOCUMENT REQUESTS

1. Any and all documents used or referred to in preparing your responses to, or identified in your answers to, plaintiff's first set of interrogatories dated July 18, 2008.

2. Your state and federal tax returns for the years 2003, 2004, 2005, 2006 and 2007.

3. Any and all statement(s) for credit cards in your name for the years 2003, 2004, 2005, 2006 and 2007.

4. Any and all bank loans, lines of credit, and/or any mortgages applied by you for the years 2003, 2004, 2005 2006 and 2007.

5. Any and all documents which constitute, support or refer to Defendant "broker[ing] a deal between Plaintiff and SWAK, LLC" as alleged in paragraphs 11 and 22 of your Answer & Counterclaims.

6. Any and all documents which constitute, support or refer to "SWAK, LLC [becoming] insolvent" as alleged in paragraphs 11 and 28 of your Answer & Counterclaims.

7. Any and all documents which constitute, support or refer to SWAK, LLC's "Chapter 11 Bankruptcy" as alleged in paragraphs 11, 28, and 32 of your Answer & Counterclaims.

8. Any and all documents which constitute, support or refer to an alleged agreement between Plaintiff and Defendant "that Plaintiff would receive a reduced payment for the contract alleged in the complaint from SWAK's bankruptcy distribution," as referenced in paragraph 11 of your Answer & Counterclaims.

9. Any and all documents which constitute, support or refer to Defendant's "join[ing] the [SWAK, LLC] bankruptcy action as creditors [of SWAK]," as alleged in paragraphs 11 and 34 of your Answer & Counterclaims.

10. Any and all documents which constitute, support or refer to Defendant's receipt of "distribution checks from SWAK's bankruptcy," as alleged in paragraph 11 of your Answer & Counterclaims.

11. Any and all documents which constitute, support or refer to Defendant wiring Plaintiff "its share" of the bankruptcy distribution checks, as alleged in paragraph 11 of your Answer & Counterclaims.

12. Any and all documents which constitute, support or refer to the "final payment" to Plaintiff under the bankruptcy distribution, as alleged in paragraph 11 of your Answer & Counterclaims.

13. Any and all documents which constitute, support or refer to Plaintiff being "paid in full for the contract alleged in the complaint" as alleged in paragraph 11 of your Answer & Counterclaims.

14. Any and all documents which constitute, support or refer to "constant contact and updates between the parties" as alleged in paragraph 11 of your Answer & Counterclaims.

15. Any and all documents which constitute, support or refer to "any damages claimed by Plaintiff [being] caused in part or in whole by the faults, actions or omissions of the Plaintiff," as alleged in paragraph 18 of your Answer & Counterclaims.

16. Any and all documents which constitute, support or refer to the alleged understanding that "in July 2003, Plaintiff [would] ship the goods to the U.S., and upon inspection, SWAK would pay Defendants and Plaintiff via a transferable letter of credit issued through their bank" as alleged in paragraph 23 of your Answer & Counterclaims.

17. Any and all documents which constitute, support or refer to SWAK, LLC's "transferable letter of credit," and that said letter of credit "was in place" as alleged in paragraphs 23, 24, and 29 of your Answer & Counterclaims.

18. Any and all documents which constitute, support or refer to SWAK's inspection of "the goods at the warehouse in New York" as alleged in paragraph 24 of your Answer & Counterclaims.

19. Any and all documents which constitute, support or refer to "SWAK [finding] that 30% of the goods were damaged" as alleged in paragraph 24 of your Answer & Counterclaims.

20. Any and all documents which constitute, support or refer to SWAK "cancel[ing] the transferable letter of credit immediately" as alleged in paragraph 24 of your Answer & Counterclaims.

21. Any and all documents which constitute, support or refer to Plaintiff's CEO, General Manager and Attorney allegedly "also [finding] that the goods were defective" as alleged in paragraph 25 of your Answer & Counterclaims.

22. Any and all documents which constitute, support or refer to "Plaintiff [allegedly agreeing] to take full responsibility and pay a repair fee of $50,000" for the allegedly defective goods, as alleged in paragraph 26 of your Answer & Counterclaims.

23. Any and all documents which constitute, support or refer to the alleged lack of "a transferable letter of credit [or] any secure form of payment" as alleged in paragraph 27 of your Answer & Counterclaims.

24. Any and all documents which constitute, support or refer to the alleged "lost profit from Purchase Order CR1088" and the calculation of that "loss of profit" as alleged in paragraphs 30 and 57 of your Answer & Counterclaims.

25. Any and all documents which constitute, support or refer to "creditors [joining] together in a bankruptcy action against SWAK" prior to Defendant's involvement in any bankruptcy action against SWAK and prior to discussion of the bankruptcy with Plaintiff, as alleged in paragraph 32 of your Answer & Counterclaims.

26. Any and all documents which constitute, support or refer to any alleged "agreement that Defendants would pay Plaintiff for Purchase Order CR1088 from the distribution amount it received from SWAK's Chapter 11 Bankruptcy" as alleged in paragraph 33 and 57 of your Answer & Counterclaims.

27. Any and all documents which constitute, support or refer to any alleged "agreement with Plaintiff" that Defendant would "[join] the bankruptcy litigation action as creditors of SWAK," as alleged in paragraph 34 of your Answer & Counterclaims.

28. Any and all documents which constitute, support or refer to any alleged agreement between Plaintiff and Defendant "to share attorney fees for Defendants joining the SWAK bankruptcy litigation" as alleged in paragraphs 35 and 45 of your Answer & Counterclaims.

29. Any and all documents which constitute, support or refer to "Plaintiff [being] fully involved [in] the decision making and fully aware of every step of the SWAK Bankruptcy action" as alleged in paragraph 36 of your Answer & Counterclaims.

30. Any and all documents which constitute, support or refer to any award by the Bankruptcy Trustee to Defendant from "the total Distribution from SWAK" as alleged in paragraph 38 of your Answer & Counterclaims.

31. Any and all documents which constitute, support or refer to "Defendants [paying] Plaintiff $30,000 … on or about 6/24/2004," as alleged in paragraph 42 of your Answer & Counterclaims.

32. Any and all documents which constitute, support or refer to "Defendants [paying] Plaintiff $30,000 … on or about 1/7/2005," as alleged in paragraph 43 of your Answer & Counterclaims.

33. Any and all documents which constitute, support or refer to "Defendants [paying] Plaintiff $22,724.80 … on or about 1/12/2007," as alleged in paragraph 44 of your Answer & Counterclaims.

34. Any and all documents which constitute, support or refer to the amount of "attorneys fees [Defendant] incurred" and/or paid "for litigating the SWAK Bankruptcy Litigation," and the calculation of "attorney fees" allegedly owed by Plaintiff as alleged in paragraphs 37, 45 and 47 of your Answer & Counterclaims.

35. Any and all documents which constitute, support or refer to any alleged agreement "where Plaintiff and Defendants subsequently agreed that Defendants would keep ($19,247.61)" for Purchase Order CR1242 as alleged in paragraph 45 of your Answer & Counterclaims.

36. Any and all documents which constitute, support or refer to "Plaintiff's [alleged] breach in a different order, Purchase Order CR 1242" or Plaintiff's alleged shipment of defective goods pursuant to CR 1242, as alleged in paragraph 45 of your Answer & Counterclaims.

37. Any and all documents which constitute, support or refer to any alleged agreement between Plaintiff and Defendant for "full payment of the contract alleged in Plaintiff's complaint, Purchase Order CR1088" as alleged in paragraph 46 of your Answer & Counterclaims.

38. Any and all documents which constitute, support or refer to the "loss of significant time and money in [Defendant's] own business" due to Defendant's "obtaining and updating Plaintiff on the bankruptcy distribution from SWAK" as alleged in paragraphs 37 and 47 of your Answer & Counterclaims.

39. Any and all documents which constitute, support or refer to "Purchase Order CR1242" as alleged in paragraph 48 of your Answer & Counterclaims.

40. Any and all documents which constitute, support or refer to Plaintiff allegedly "shipp[ing] defective goods" pursuant to "Purchase Order CR1242," as alleged in paragraph 48 of your Answer & Counterclaims.

41. Any and all documents which constitute, support or refer to "the Manufacturer reject[ing]" Plaintiff's goods for "Purchase Order 1242" as alleged in paragraph 48 of your Answer & Counterclaims.

42. Any and all documents which constitute, support or refer to Defendant's "loss of profit in Purchase Order CR1242" and the calculation of that "loss of profit" as alleged in paragraphs 48 and 57 of your Answer & Counterclaims.

43. Any and all documents which constitute, support or refer to Defendant's alleged loss of "a huge volume of business from that customer manufacturer" as alleged in paragraphs 50 and 53 of your Answer & Counterclaims.

44. Any and all documents which constitute, support or refer to revenue earned by Defendant from "the Customer from Purchase Order CR 1242" in 2004, 2005, 2006 and 2007 as alleged in paragraph 50 of your Answer & Counterclaims.

45. Any and all documents which constitute, support or refer to Defendant's "loss of revenue and business relations" as alleged in paragraph 51 of your Answer & Counterclaims.

46. Any and all documents which constitute, support or refer to Plaintiff's repeated shipment of "nonconforming goods" when contracting with Defendant, as alleged in paragraph 51 of your Answer & Counterclaims.

47. Any and all documents which constitute, support or refer to Defendant "broker[ing] contracts between Plaintiff and two different buyers" in May to June 2003 as alleged in paragraph 54 of your Answer & Counterclaims.

48. Any and all documents which constitute, support or refer to "the buyers reject[ing] the goods because the shipments were defective" as alleged in paragraph 55 of your Answer & Counterclaims.

49. Any and all documents which constitute, support or refer to "the buyers declin[ing] to do business with Defendants ever again … as a result of Plaintiff's [alleged] breach in the contracts" as alleged in paragraph 56 of your Answer & Counterclaims.

50. Any and all documents which constitute, support or refer to the "loss of business relations with the Customer from Purchase Order 1242," as alleged in paragraph 57 of your Answer & Counterclaims.

51. Any and all documents which constitute, support or refer to "the loss of business from the Customers in Purchase Orders CR 1083 and CR1086," as alleged in paragraph 57 of your Answer & Counterclaims.

52. Any and all documents which constitute, support or refer to any "Settlement and Payment" as alleged in paragraph 58 of your Answer & Counterclaims.

53. Any and all documents which constitute, support or refer to "interference with Defendant's business operations" as alleged in paragraph 57 of your Answer & Counterclaims.

54. Any and all documents which constitute, support or refer to when and how you learned of SWAK, LLC's bankruptcy.

Dated: New York, NY
      July 18, 2008

                                               DeHeng Chen Chan, LLC

                                               By: _/s/ Matthew C. Gruskin_____
                                               Matthew C. Gruskin, Esq. (8749)
                                               Attorneys for Plaintiff
                                               225 Broadway, Suite 1910
                                               New York, NY 10007
                                               Tel:  (212) 608-6500
                                               Fax: (212) 608-9050
                                               mgruskin@dcclaw.com